# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

KALEB LEE BASEY,

                Plaintiff,

     v.

JOLENE GOEDEN, et al.,

                Defendants.

Case No. 1:26-cv-00001-SLG

## ORDER GRANTING DEFENDANTS' MOTION FOR SCREENING

On January 12, 2026, self-represented litigant Kaleb Basey ("Plaintiff") filed this case, paid the filing fee, and provided what appears to be a residential address on his Complaint.[1] Incorrectly inferring from that address that Plaintiff had been released from prison, the Court issued a Standing Order intended for non-prisoner litigants who have paid the Court's filing fee.[2] However, on April 27, 2026, Defendants filed a motion for screening pursuant to 28 U.S.C. § 1915A and indicated that Plaintiff is a prisoner seeking redress against the government.[3] Plaintiff has not responded, and his deadline to do so has passed.[4]

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or

---

[1] Docket 1.

[2] Docket 4.

[3] Docket 10.

[4] Alaska Local Civil Rule 7.2(b)(1) (providing that oppositions to non-dispositive motions must be filed within 14 days of service).

officer or employee of a governmental entity, even when the prisoner has paid the filing fee in full.[5] The Ninth Circuit has emphasized that frivolous actions drain resources regardless of whether the plaintiff pays the filing fee, justifying the application of deterrent measures even to prisoners who can afford full payment.[6]

Plaintiff's notice of change of address indicates that he recently provided another individual's mailing address,[7] and the Court has independently confirmed that Plaintiff remains imprisoned at FMC Lexington in the custody of the Federal Bureau of Prisons ("BOP").[8]

For these reasons, Defendants' motion for screening at **Docket 10 is GRANTED.** The Court will screen Plaintiff's Complaint in due course.

IT IS THEREFORE ORDERED:

1. Defendants' motion for screening at **Docket 10 is GRANTED.**

2. Defendants need not file an Answer or otherwise respond to Plaintiff's Complaint unless and until so ordered.

3. Self-represented litigants must review and comply with the Federal

---

[5] 28 U.S.C. §§ 1915, 1915A.

[6] *Belanus v. Clark,* 796 F.3d 1021, 1029 (9th Cir. 2015) ("We see no reason for allowing wealthy prisoners to clog the courts by paying the filing fees, when access would be denied to an impecunious prisoner, particularly as filing fees do not come close to covering the cost to the court of a frivolous action.").

[7] Docket 8.

[8] Information regarding prisoners in federal custody, such as current location and tentative release date, is available through the BOP's online inmate locator at https://www.bop.gov/inmateloc/.

Case No. 1:26-cv-00001-SLG, *Basey v. Goeden, et al.*
Order Granting Defendants' Motion for Screening
Page 2 of 3

Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[9]  Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

DATED this 13th day of May, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[9] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.