# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

KALEB LEE BASEY,

Plaintiff,

v.

JOLENE GOEDEN, *et al.,*

Defendants.

Case No. 1:26-cv-00001-SLG

## <u>ORDER OF DISMISSAL UPON SCREENING</u>

On January 12, 2026, self-represented litigant Kaleb Basey ("Plaintiff") filed this case against FBI Special Agent Jolene Goeden in her official capacity, the FBI, the DOJ, and the United States ("Defendants").[1] On January 16, 2026, Plaintiff paid the filing fee.[2] On May 13, 2026, the Court granted Defendants' motion to screen this case pursuant to 28 U.S.C. § 1915A because Plaintiff is a prisoner.[3]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[4] of the various attempts Plaintiff has pursued seeking to collaterally

---

[1] Docket 1.

[2] Filing fee: $ 405.00, receipt number 100022926 (BJK, COURT STAFF) (Entered: 01/16/2026).

[3] Docket 11.

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

attack his criminal conviction.[5]

## I.    Screening Review of Plaintiff's Claims

Plaintiff asserts his Complaint is a "[f]orward-looking access-to-courts claim"[6] and "alleges that the Government defendants have deprived Basey of the ability to use his post-conviction remedies to bring a *Brady v. Maryland* claim by withholding exculpatory information from [him]."[7] Plaintiff cites to Appendix B to the FBI Cyber Division Policy Implementation Guide—requiring that agents "take every logical investigative step to identify and rescue the victim(s) depicted in [child pornography] images"[8]—which was provided to him during his previous FOIA litigation.[9] For relief, Plaintiff seeks an "order requiring the Government to disclose

---

[5] *See, e.g., USA v. Basey,* Case No. 4:14-cr-00028-RRB-1, Docket 453 (denying Mr. Basey's motion to disclose jury identification information), Docket 440 (denying Mr. Basey's request for a new trial based on "newly discovered evidence" in the form of internal FBI guidelines), Docket 403 (Ninth Circuit order denying Mr. Basey's request for a certificate of appealability regarding the Court's denial of appellant's 28 U.S.C. § 2255 motion); Docket 363 (denying Mr. Basey's Petition for relief under 28 U.S.C. § 2255), Docket 267 (Ninth Circuit memorandum upholding the district court's denials of his request for a continuance in order to file additional suppression motions, his motion to dismiss the indictment on speedy trial grounds, and his motion for judgment of acquittal under Federal Rule of Criminal Procedure 29). *See also Basey v. U.S. Department of Justice, et al.,* Case No. 3:24-cv-00005-SLG, Docket 47 (granting DOJ's motion for summary judgment in FOIA case seeking "records associated with [Mr. Basey's] criminal trial, as he maintains the images used to convict him may not have depicted real children") (currently on appeal to the Ninth Circuit ); *Basey v. Dep't of the Army,* Case No. 4:16-cv-00038-TMB, Docket 19 (granting DOJ summary judgment on its invocation of FOIA Exemption (b)(7)(A) for records, including records associated with the FBI's investigation in his criminal case).

[6] Docket 1 at 12-13.

[7] Docket 1 at 1.

[8] Docket 1-1 at 3.

[9] Docket 1 at 3-4.

Case No. 1:26-cv-00001-SLG, *Basey v. Goeden, et al.*
Order of Dismissal Upon Screening
Page 2 of 5

to Basey any information in its possession regarding 1) its efforts to identify the alleged minors depicted in the images used to convict Basey at trial and 2) its efforts to determine the reality of alleged minors depicted in said images."[10] To the extent such information no longer exits, Plaintiff seeks an order requiring the individuals who investigated his criminal case to provide "sworn statements or testimony" concerning this information,[11] or an order "requiring the Government to submit the images used to convict Basey to NCMEC to allow it to identify or determine the reality of any alleged minors depicted in the images."[12] Plaintiff indicates that he "intends to use any information gained in this lawsuit in future proceedings under 28 U.S.C. §2255 or in a Fed. R. Crim. P. Rule 33(b){l) motion for a new trial."[13]

Upon review, the Court finds Plaintiff's claims in this most recent Complaint to be duplicative of those previously dismissed by the Court. Although styled as an access-to-courts claim, Plaintiff again seeks information he believes will assist him in challenging his criminal conviction. As Plaintiff has previously been informed, his "protestation that the FBI has not proven that victims exist is meritless because a jury convicted him of child sexual exploitation offenses based on proof beyond a

---

[10] Docket 1 at 17.

[11] Docket 1 at 17-18.

[12] Docket 1 at 17.

[13] Docket 1 at 2.

reasonable doubt."[14] The existence of the cited policy does not change that fact; nor does it provide grounds for Plaintiff to renew his claims, bring new claims, or attempt to obtain information previously denied to him.[15]

The Court finds that this case must be dismissed as frivolous. But the Court declines to expend its scarce resources by repeating the same analysis once again and refers Plaintiff to its prior orders in Plaintiff's prior cases that are cited herein. The number, redundancy, and scope of Plaintiff's filings impose unnecessary burdens on the Court and on Defendants.[16] Plaintiff is warned that filing repetitive or overlapping claims, submitting filings in bad faith or for the purpose of harassment, or otherwise wasting judicial resources, will subject him to sanctions.[17]

IT IS THEREFORE ORDERED:

1.      This case is **DISMISSED with prejudice.**

---

[14] *Basey v. U.S. Department of Justice, et al.,* Case No. 3:24-cv-00005-SLG, Docket 47 at 21 (citing *United States v. Basey,* Case No. 4:14-cr-00028-RRB, Docket 257 (D. Alaska 2018).

[15] *See Basey v. U.S. Department of Justice, et al.,* Case No. 3:24-cv-00005-SLG, Docket 47 at 25-26 (finding that investigative reports, notes, and related work-product, as well as the names and other identifying information of FBI Special Agents, professional staff, other government personnel, and other third parties who provided information, were tangentially mentioned, were of investigative interest, or were victims were all properly exempt from disclosure).

[16] Defendants have filed numerous oppositions regarding Plaintiff's filings. *See, e.g.,* Docket 10 (Defendants' motion for screening); *USA v. Basey,* Case No. 4:14-cr-00028-RRB-1, Docket 452 (United States' opposition to Mr. Basey's motion to disclose juror identification information).

[17] *See* Rule 11 of the Federal Rules of Civil Procedure.

Case No. 1:26-cv-00001-SLG, *Basey v. Goeden, et al.*
Order of Dismissal Upon Screening
Page 4 of 5

2.      All pending motions are **DENIED as moot.**

3.      The Clerk shall issue a final judgment and close this case.

DATED this 7th day of July, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case 1:26-cv-00001-SLG     Document 12     Filed 07/07/26     Page 5 of 5